**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| Bobby Hamilton,<br><br>        Plaintiff,<br><br>v.<br><br>Bank of America, N.A.;<br>Experian Information Solutions, Inc.;<br>Equifax Information Services, LLC; and<br>TransUnion, LLC,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:22-cv-64 |

## COMPLAINT

### INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.      Plaintiff is a resident of the County of Randall, Texas.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.      Defendant Bank of America, N.A. ("BOA") exists and operates under the laws of the State of Texas and is a furnisher of consumer credit information to consumer reporting agencies.

7.      Defendant Experian Information Solutions, Inc. ("Experian") is company existing and operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

8.      Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9.      Defendant Equifax Information Services, LLC ("Equifax") is company existing and operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

10.     Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

11.     Defendant TransUnion, LLC ("Transunion") is company existing and operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

12.     TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant BOA, Experian, Equifax, and Transunion (collectively "Defendants") and has suffered particularized and concrete harm.

14.     Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRA") as defined by 15 U.S.C. §1681a(f).

15.     The CRA's primary business is the sale of consumer reports to third parties and consumers.

16.     Experian, Equifax, and Transunion each have a duty of the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681e(b).

17.     On or about January 2022, Plaintiff discovered Defendant BOA was erroneously reporting a BOA account (the "Account") with a "charge off" status.

18.     One month prior to being reported with a "charge off" status, the Account reported as up to date and not past due.

19.     Plaintiff made his required payment on the Account in April 2021 and the Account reported with a "charge off" status June 2021.

20.     Despite the Account being current and not past due, BOA continued, erroneously, to report the Account with a "charge off" status to the credit reporting agencies who then reported the Account on Plaintiff's consumer reports.

21.     The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

22.     Experian, Equifax, and TransUnion published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

23.     On or about January 2022 Plaintiff sent a written letter to Experian, Equifax, and TransUnion disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report and also requesting from each a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing (the "Dispute").

3

24.    Upon information and belief, Experian forwarded Plaintiff's Dispute to BOA for reinvestigation.

25.    Upon information and belief, Equifax forwarded Plaintiff's Dispute to BOA for reinvestigation.

26.    Upon information and belief, Transunion forwarded Plaintiff's Dispute to BOA for reinvestigation.

27.    Upon information and belief, BOA received notification of Plaintiff's Dispute from Experian, Equifax, and TransUnion.

28.    BOA failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

29.    Experian, Equifax, and TransUnion each failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

30.    BOA failed to instruct Experian, Equifax, and TransUnion to remove the false information reporting on Plaintiff's consumer report.

31.    Experian, Equifax, and TransUnion each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

32.    Experian, Equifax, and TransUnion each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

33.    At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

## COUNT I – BOA

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

34.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

35.    After receiving the Dispute, BOA failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36.    BOA violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

37.    As a result of this conduct, action, and inaction of BOA, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38.    BOA's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

39.    In the alternative, BOA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

40.    Plaintiff is entitled to recover costs and attorneys' fees from BOA pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Experian, Equifax, and TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

41.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

42.    After receiving the Dispute, Experian, Equifax, and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

43.    Experian, Equifax, and TransUnion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

44.    As a result of this conduct, action and inaction of Experian, Equifax, and TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.    The conduct, action, and inaction of Experian, Equifax, and TransUnion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

46.    In the alternative, Experian, Equifax, and TransUnion each was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

47.    Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## Count III – Experian, Equifax, and TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

48.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

49.     After receiving the Dispute, Experian, Equifax, and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

50.     Experian, Equifax, and TransUnion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

51.     As a result of this conduct, action and inaction of Experian, Equifax, and TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52.     The conduct, action, and inaction of Experian, Equifax, and TransUnion was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

53.     In the alternative, Experian, Equifax, and TransUnion each was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

54.     Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:  March 22, 2022

<div align="center" style="text-align:right">

*/s/Joseph Panvini*
Joseph Panvini, Esq.
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Joe.panvini@mccarthylawyer.com
Attorney for Plaintiff

</div>